UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-145-1 |
| | § | CIVIL NO. 2:19-252 |
| TRAVIS ROBERT HELLMAN, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Travis Robert Hellman filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 121). Pending before the Court is the United States of America's (the "Government") Motion to Dismiss (D.E. 135), to which Movant has not responded.

**I. BACKGROUND**

From December 2017 through February 2018, an undercover investigation by the Corpus Christ Police Department and the Bureau of Alcohol, Tobacco, Firearms, and Explosives revealed that Movant and several others were selling drugs and firearms out of two storefronts in the Corpus Christi area. As a result, Movant was charged with: possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 2 and 6); possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 3); and conspiracy to possess with intent to distribute more than 5 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (Counts 4 and 5).

On April 16, 2018, Movant pled guilty to Counts 2 and 4 of the Indictment pursuant to a written plea agreement in which he waived his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. During Movant's rearraignment hearing, defense counsel informed the Court that Movant had previously attempted

1

to fire him and plead guilty at his arraignment hearing, but that Movant had also stated later that he wanted to go to trial. When the Court asked Movant if he wanted to go to trial, he replied that he did not understand the Sentencing Guidelines and was also concerned that counsel had not provided him with paper copies of the Government's files and evidence. After a lengthy explanation from the Court and private consultation with counsel, Movant waived his right to a trial and pled guilty. The Court found that he was competent to enter a plea, aware of the nature of the charges against him and the consequences of entering a plea, and that he made a knowing and voluntary plea supported by an independent basis in fact containing each of the elements of the charged offenses.

Nearly five months after pleading guilty, on September 5, 2018, Movant filed a *pro se* "Motion to Withdraw Plea Agreement", wherein he alleged that counsel misled him and breached his trust "to get him to sign the plea agreement" and claimed counsel did not "disclose all evidence and legal options." D.E. 98. He also asserted that the Court lacked subject matter jurisdiction "because the complaint/indictment fails to charge an offense against the laws of the United States because no jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occurred." *Id.* In a separate *pro se* "Habeas Corpus Petition (28 U.S.C. § 2241)" filed the same day, Movant asserted the same jurisdictional defect, alleging that the Court was "without subject matter jurisdiction under 18 U.S.C. § 3231." D.E. 99. Defense counsel moved to withdraw in light of Movant's assertions in his Motion to Withdraw Plea Agreement.

On April 16, 2019, Movant appeared for sentencing, at which time the Court denied his *pro se* motions to withdraw his guilty plea and to dismiss the case for lack of jurisdiction and denied defense counsel's motion to withdraw. The Court ultimately varied downward and granted Movant a 2-level reduction to his offense level. He was sentenced to 120 months' imprisonment as to Count 2 and 190 months as to Count 4, to run concurrently and to be followed by 5 years'

supervised release. Judgment was entered April 24, 2019. Movant did not appeal. He filed the present motion on August 22, 2019. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises a single claim: "I want[] to appeal my case on the grounds of ineffective assistance of counsel." D.E. 121, p. 1.

## III. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel Standard

An ineffective assistance of counsel (IAC) allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

## IV. ANALYSIS

The Government moves to dismiss Movant's IAC claim on the grounds that it is speculative, conclusory, and belied by the record. The Court agrees.

The entire basis for Movant's IAC claim is as follows:

> Throughout my case it was on record my lawyer and I couldn't see eye to eye and he at one point filed a motion to withdraw as my counsel. I wanted to go to trial from the very first of the case but he would never take the time to come visit me to discuss my case. I feel I had poor representation and was at a disadvantage.

DE 121, p. 1.

In making an ineffective assistance claim, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Here, Movant has failed to even allege what actions counsel did or did not take that rendered his performance unreasonable. His failure to state specific

facts upon which his claim is based renders his claim conclusory, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts "is insufficient to state a constitutional claim"). For this reason alone, Movant's ineffective assistance of counsel claim must fail. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (finding conclusory allegations of deficient performance and prejudice are not sufficient to prove claims of ineffective assistance of counsel).

Movant's claims that he was "at a disadvantage" because of counsel's "poor representation" and that counsel wouldn't discuss his case with him after he expressed a desire to go to trial are also belied by the record. As set forth in Part I *supra*, Movant waivered more than once regarding whether he wished to plead guilty or go to trial. When he initially expressed a desire to go to trial during his rearraignment hearing, counsel asked for a continuance to prepare for trial. 4/16/2018 Rearraign. Hrg. Tr., D.E. 100 at 6:24–7:15. Counsel informed the Court that if Movant wanted to go to trial, Movant needed to "help me a little bit with what our defense is," as "his case is really not triable. The evidence is considerable, primarily undercover agents videotaping criminal transactions. . . . " *Id.* at 7:6-10. Counsel and Movant then visited privately, and once Movant learned that two of his codefendants planned to plead guilty, he ultimately decided to waive his right to a trial and plead guilty to Counts 2 and 4 pursuant to a written plea agreement. *Id.* at 12:15–13:16. Movant swore under oath that counsel had explained the Government's evidence against him and that he had discussed the charges with counsel *Id.* at 15:25–6:23, 19:12-16. Movant also stated that he was "perfectly fine" with counsel and agreed that counsel was "certainly a very competent lawyer" and that he was "satisfied with his representation." *Id.* at 19:19–20:9. While Movant later filed a *pro se* motion to withdraw his guilty

5

plea and proceed to trial, once the Court explained to him that his challenge to subject matter jurisdiction and argument concerning interstate commerce were both meritless, he abandoned his motion to withdraw his guilty plea. 11/16/2019 Sent. Hrg. Tr., D.E. 131 at 15:21–17:19.

For the foregoing reasons, Movant's IAC claim is denied.

**V. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 135) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 motion (D.E. 121) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 16th day of March, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE